# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

**FILED**

MAY − 8 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| The person of ANTUAN WARD also known as Ari'al Ban Yashar'al (DOB xx/xx/1987, SSN xxx-xx-2138), currently confined in federal custody in Lincoln County, to obtain two saliva samples (buccal swab) for DNA comparative analysis (See Attachment A) | ) ) ) ) ) ) | Case No.    4:19 MJ 202 DDN |

## APPLICATION FOR A SEARCH WARRANT

I, __Keith Kohne__, a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following person: The person of ANTUAN WARD also known as Ari'al Ban Yashar'al (DOB xx/xx/1987, SSN xxx-xx-2138), currently confined in federal custody in Lincoln County, to obtain two saliva samples (buccal swab) for DNA comparative analysis  (See Attachment A)

located in the _____EASTERN_____ District of _____MISSOURI_____, there is now concealed

### SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(2) | Unlawful Possession of a Firearm by a Fugitive |
| 18 U.S.C. § 915 | Impersonating Foreign Diplomats, Consuls, or Officers |

The application is based on these facts:

### SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_Applicant's signature_

Keith Kohne
Special Agent, Federal Bureau of Investigation
_Printed name and title_

Sworn to before me and signed in my presence.

Date: _____05/08/2019_____

_Judge's signature_

City and _____St. Louis, MO_____

Honorable David D. Noce, U.S. Magistrate Judge
_Printed name and title_

AUSA:  Kyle T. Bateman

## AFFIDAVIT IN SUPPORT OF
## FEDERAL SEARCH WARRANT

Your affiant, Keith Kohne, being duly sworn deposes and states the following:

1.      I am a Special Agent with the United States Department of Justice, Federal Bureau of Investigation (FBI) since November 1996. I am assigned to the St. Louis Division of the FBI. I currently conduct investigations into cases of Domestic Terrorism to include cases involving illegal possession / transfer of firearms and crimes related to persons who espouse "Sovereign Citizen" ideology. In my experience, I have been involved in criminal investigations where DNA evidence was used to successfully identify subjects and/or used to lead to additional evidence. The facts alleged in this affidavit come from my own investigation, my training and experience, and information obtained from other investigators and witnesses.

2.      This affidavit is submitted in support of an application for a search warrant for the person of Antuan S. Ward ("Ward"), (more fully described in Attachment A), there being probable cause to believe that located in the place described in Attachment A is evidence described in Attachment B, being evidence of violations of Title 18, United States Code, Sections 922(g)(2), Fugitive in Possession of a Firearm, and 915, Impersonation of a Foreign Diplomat, Consul, or Officer.

3.      I have set forth facts that I believe are necessary to establish probable cause to believe that evidence of violations of Title 18, United States Code, Sections 922(g)(2), Fugitive in Possession of a Firearm and 915, Impersonation of a Foreign Diplomat, Consul, or Officer are located in the place described in Attachment A.

4.      The statements in this affidavit are based in part on this affiant's personal knowledge and/or information provided by other law enforcement officers. Since this affidavit is

1

being submitted for the limited purpose of securing a warrant, this affiant has not included each and every fact concerning this investigation.

5.      On April 25, 2018, Officer Kraus with the Ellisville Police Department stopped a vehicle driven by an individual later identified as Antuan S. Ward ("Ward").  The vehicle, a 1998 Ford Pickup truck, displayed Missouri temporary license 03HH7A with an expiration date of 04/30/2018.  A computer check showed Missouri temporary license 03HH7A was issued on a 2007 Ford with an expiration of 04/22/2019.  Officer Kraus told Ward why he was being stopped and requested to see Ward's driver's license and proof of insurance.  Ward stated he and his girlfriend had just obtained the license tag, so the proof of insurance was likely in his girlfriend's purse.  Following, Ward gave the officer a laminated "*Lawful Diplomat Sovereign and Self Determination Hebrew Israelite American National Republic Universal Dual National Identification.*"  The identification had a photograph of Ward and the name "Ari'al Ban Yashar'al."  Ward was then arrested for traffic charges, as the officer could not confirm Ward's identity.  Pursuant to Ellisville Police Department policy, the vehicle was searched prior to being towed.  During the search, a loaded SCCY 9mm CPX-1 pistol, serial number 414924 was located in the front seat center console and seized by the officer.

6.      Once in custody, Ellisville Police Department Officers determined Ward's true identity was that of Antuan S. Ward (d.o.b. 4/23/1987, SS# 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), and that Ward had a suspended Missouri Driver's License.  It was also discovered that Ward had a fugitive warrant out of the Hazelwood, Missouri Police Department, and a fugitive warrant out of the Warren County, Missouri Sheriff's Department, as well as a warrant out of the Boston Massachusetts Police Department for the charges of firearm, possess large capacity; possession of firearm

without an FID card; possession of ammunition with an FID card; and assault with a dangerous weapon.

7.      Following, the FBI became involved in the investigation to investigate possible federal violations of Fugitive in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(2), and Impersonation of a Foreign Diplomat, Consul, or Officer in violation of Title 18, United States Code, Section 915.

8.      A Bureau of Alcohol, Tobacco, Firearms and Explosives National Tracing Center record check showed the SCCY 9mm CPX-1 pistol, serial number 414924 was purchased by Pauline Sheila Mae Gillette on 08/19/2017.  This investigation has determined Pauline Sheila Mae Gillette is the mother of Antuan Ward.

9.      In addition, a FBI Laboratory analysis was conducted on the SCCY 9mm CPX-1 pistol, and a mixture of DNA was located that is suitable for comparison purposes.

10.      Therefore, as biological/DNA evidence was recovered from weapon, based on Ward's proximity to the weapon when it was located, and his alleged identification as Ari'al Ban Yashar'al, such evidence, if compared to DNA standards provided by the defendant, is likely to provide a conclusive forensic link to defendant's involvement in this offense.  Lastly, the collection of such a sample does not, under these circumstances, run afoul of the Fourth or Fifth Amendment.[1]

---

[1] The United States Supreme Court has consistently held that the collection and comparison of DNA and other similar samples do not violate the Fourth or Fifth Amendments.  Skinner v. Ry. Labor Executives' Association, 49 U.S. 602, 614 (1989); Winston v. Lee, 470 U.S. 753, 760-761 (1985) (surgical intrusion to remove a bullet); Schmerber v. California, 384 U.S. 757, 767 (1966) (blood test for alcohol).  Likewise, it is not unconstitutional to compel production of DNA samples under the DNA Analysis Backlog Examination Act of 2000.  United States v. Sczubelek, 255 F. Supp.2d 315 (D.Del. 2003); In re: Shabazz, 200 F. Supp.2d 578 (D.S.C. 2002); Mayfield v. Dalton, 901 F. Supp. 300 (D.HI. 1995); see also Boling v. Romer, 101 F.3rd 1336 (10th Cir. 1997) (Colorado DNA sampling statute).  Also, the core protection afforded by

11.     Based on the foregoing, your affiant respectfully submits that there is probable cause to believe that the above described individual has committed violations of Title 18, United States Code, Sections 922(g)(2), Fugitive in Possession of a Firearm and 915, Impersonation of a Foreign Diplomat, Consul, or Officer.

12.     For purposes of obtaining Antuan Ward's DNA, it is the intent of law enforcement officials to ensure the presence of an attorney for Antuan Ward at the time Antuan Ward's DNA is obtained.  In order to do so, the United States Attorney's Office will coordinate an agreed upon date and time for the taking of Antuan Ward's DNA with an attorney for the Federal Public Defender's Office (or any other attorney retained by Antuan Ward).[2]  Law enforcement officials will then request that the United States Marshals Service transport Antuan Ward to the Thomas F. Eagleton Courthouse within the Eastern District of Missouri on that agreed upon date and time to permit law enforcement to collect Antuan Ward's DNA pursuant to this warrant in the presence of the attorney for Antuan Ward.

---

the self-incrimination clause of the Fifth Amendment is prohibition on compelling a criminal defendant to testify against himself at trial.  Oregon v. Elstad, 470 U.S. 298, 304 (1985); United States v. Patane, 542 U.S. 630, 637 (2004).  The Fifth Amendment is not implicated when the only evidence at issue is physical, non-testimonial evidence, which includes obtaining finger and palm prints, handwriting samples and photographs.  Id.; see also United States v. Flores-Sandoval, 474 F.3d 1142, 1147 (8th Cir. 2007), quoting United States v. Villaba-Alvarado, 345 F.3d 1007, 1008 (8th Cir. 2003) (there is "no protection against compulsion to submit to fingerprinting").

[2] On April 19, 2019, Antuan Ward appeared before United States Magistrate Judge John M. Bodenhausen for a detention hearing.  At that hearing, Judge Bodenhausen made a finding, for purposes of that hearing only, that Ward had knowingly, voluntarily, and intelligently elected to proceed without the assistance of counsel, but appointed the Federal Public Defenders Office as standby counsel.  See United States v. Ward, Case No. 4:18-cr-00827 AGF, Doc. 15 (Order of Detention Pending Trial).  On April 26, 2019, Ward appeared before United States Magistrate Judge Shirley P. Mensah for his arraignment.  At that time, Ward asked for a continuance of his arraignment until May 10, 2019, in order to retain counsel.  Judge Mensah granted the request but appointed the Federal Public Defenders Office as standby counsel in the meantime.

13.     If Antuan Ward refuses to submit to the execution of this warrant, the parties will return to this Honorable Court to ascertain how the Court wishes the parties to execute the instant search warrant.  However, at this juncture, in the event that Defendant Ward refuses to cooperate with the collection of the saliva samples, the United States seeks the Court's authorization to use of reasonable force to the extent necessary to obtain these samples.[3]


_____
KEITH KOHNE
Special Agent
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me this ___8th___ day of May, 2019.


_____
DAVID D. NOCE
United States Magistrate Court Judge
Eastern District of Missouri

---

[3] See *Rendelman v. Scott*, 378 F. App'x 309, 313 (4th Cir. 2010) ("[T]he State's right to obtain the DNA sample from designated inmates must necessarily carry with it the right to use a reasonable degree of force that is sufficient to ensure compliance. Otherwise, the State's right can be rendered meaningless by an inmate who refuses to grant permission for the cheek swab."); *United States v. Bullock*, 71 F.3d 171, 176 & n.4 (5th Cir. 1995) (explaining that officers had right to use force to execute a blood sample warrant when plaintiff resisted and that plaintiff "had no right to resist execution of a search warrant[ ]"); *United States v. Johnson*, 462 F.2d 423, 427 (3d Cir. 1972) ("[A] person does not have the right to forcibly resist execution of a search warrant by a peace officer or a Government agent, even though that warrant may subsequently be held to be invalid.").

5

## ATTACHMENT A

## DESCRIPTION OF LOCATION TO BE SEARCHED

The person of Antuan S. Ward, also known as Ari'al Ban Yashar'al, date of birth

4/23/1987, Social Security Number 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.

1

## **ATTACHMENT B**

## **DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED**

Two Buccal swabs of saliva from the person described in Attachment A, which constitute evidence of the commission of violations of Title 18, United States Code, Sections 922(g)(2), Fugitive in Possession of a Firearm, and 915, Impersonation of a Foreign Diplomat, Consul, or Officer.

1